INHABITANTS OF FITCHBURG *vs.* CHESHIRE RAILROAD COMPANY.

The provisions of the Gen. Sts. *c.* 71, § 25, and of the St. of 1866, *c.* 272, § 1, making any one, by whose means a person not having a settlement in this Commonwealth is brought within it, liable for such person's support if he becomes a pauper, do not apply to a common carrier of passengers who has brought such person into the Commonwealth in the ordinary course of business, and without any reason to suspect that such person would become a pauper.

MORTON, J.   Upon the demurrer, we must take the facts to be as stated in the declaration.   The defendants own and operate a railroad extending from Bellows Falls in the State of Vermont, through the State of New Hampshire, to Ashburnham in this Commonwealth, and, by an arrangement with the Vermont and

Massachusetts Railroad Company, run cars and trains from said State of New Hampshire to Fitchburg. They transported in their cars from New Hampshire to Fitchburg one Mary Ann Finnegan, a foreigner, and her five minor children, dependent upon her for support, all of whom, within one year thereafter, became a public charge; and the plaintiffs incurred expense for their support, and soon after notified the defendants of their liability to pay such expense, and requested them to pay it. We must assume that these foreigners were brought to Fitchburg by the defendants in the usual course of their business as common carriers of passengers. The declaration alleges no other agency of the defendants in bringing them or inducing them to come into this state. The action is founded upon Gen. Sts. *c.* 71, § 25, as amended by the St. of 1866, *c.* 272, § 1.

The Gen. Sts. *c.* 71, § 25, provide that if a foreigner, brought into this state by any conveyance by land, or by any lines of communication established for the regular transportation of passengers by water, not extending beyond or stopping at places without the United States, "falls sick, or from any cause becomes a public charge within one year thereafter, the Commonwealth, or any place incurring expenses for his support, sickness or burial, may, in an action of contract, recover the amount of such expenses of the corporation or party by whose means the person was brought into the state; provided that the party so liable shall be notified of his liability in each case as soon as practicable, in order that such party may, if so disposed, provide means of support or removal."

The St. of 1866, *c.* 272, § 1, extends this provision and makes it applicable " to any corporation or party by whose means any person not having a settlement in this Commonwealth," whether a foreigner or not, " is brought into the state." If this statute is to be so construed as to sustain this action, it imposes a heavy liability upon every railroad or other carrier of passengers who may transport a foreigner or a citizen of another state into this state, and upon every person who may happen to carry such person across the line of the state. It would operate with especial hardship in the case of railroads and other carriers of passengers. It

would fix upon them a liability, not as a penalty for any violation of law, but a burden imposed for performing a legal contract which they cannot refuse to make. A common carrier of passengers is obliged to carry any passenger who pays his fare and conforms to the reasonable rules established by the carrier. He has no authority to examine the passenger and ascertain the place of his settlement, or to refuse to carry him across the state line. If he does so refuse, he renders himself liable to an action for such damages as a jury may assess. No railroad corporation could practically protect itself against this liability, and no provision is made in the statute for their protection. A construction which would lead to such unjust results ought not to be adopted unless such is the necessary meaning of the language used in the statute. The terms of the statute are that an action may be maintained against the " corporation or party by whose means any person not having a settlement in the Commonwealth is brought into the state." If it was the intention of the Legislature to provide that any corporation or party " who brings into the Commonwealth " such person, should incur the liability for his support, it is difficult to see why they did not say so in direct language. In the second section of the same St. of 1866, they provide that " any corporation which brings into this Commonwealth, or by whose means or at whose instigation any person is brought into the same, for the purpose of performing labor for such corporation, if such person has no settlement in this Commonwealth," shall give a bond to protect the Commonwealth in case such person should within two years become a public charge, apparently intending to use the two forms of language as expressive of different ideas. We think, by the fair construction of the statute, the terms " by whose means " are substantially equivalent to the terms " by whose procurement or instigation," and that the intention was to impose the penalty upon the corporation or party only who had some agency in inducing the poor person to come into the state. Without undertaking to say what acts of procurement or inducement would bring a party within the purview of the statute, we think it does not apply to a common carrier of passengers who brings into the state a person who has no settlement here, in the

ordinary course of his business, and without any knowledge or reason to suspect that such person is likely to become a charge upon the public. *Demurrer sustained.*

*E. R. Hoar*, for the defendants.

*G. A. Torrey*, for the plaintiffs.